IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ECEM EUROPEAN CHEMICAL MARKETING B.V., | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | NO.  05-3078 |
| | : | |
| v. | : | |
| | : | |
| THE PUROLITE COMPANY, | : | |
| | : | |
| Defendant. | : | |

**OPINION**

Slomsky, J.                                                                October 14, 2010

## I.      INTRODUCTION

On July 8, 2010, following a jury trial in this case, Plaintiff ECEM European Chemical
Marketing B.V. ("ECEM") filed the instant Motion for Post-Trial Relief (Doc. No. 118 ["Pl.
Motion"]).  In this Motion, ECEM moves to vacate the judgment entered on June 10, 2010 against
ECEM and in favor of Defendant The Purolite Company ("Purolite") in the amount of $245,213.
In addition, ECEM moves to vacate the Court's Order dated January 29, 2010 denying ECEM's
Motion *in Limine* to Exclude Evidence of Settlement Negotiations (Doc. No. 86).  Finally, ECEM
moves for a new trial on Purolite's counterclaim.  On July 26, 2010, Purolite filed a Response in
Opposition to ECEM's Motion for Post-Trial Relief (Doc. No. 123).  On September 7, 2010, the
Court held a hearing on the post-trial motions filed by the parties.[1]  For the following reasons,
ECEM's Motion for Post-Trial Relief (Doc. No. 118) will be denied in its entirety.

---

[1] On July 8, 2010, Defendant Purolite also filed a Motion for Post-Trial Relief (Doc. No.
117).  The Court is issuing a separate opinion on this Motion.

## II.     BACKGROUND

A statement of facts and procedural history of this case prior to trial are fully set forth in the Court's Opinion dated January 29, 2010 covering five pre-trial Motions *in Limine*. (Doc. No. 86 ["Opinion"].)  In that Opinion, this Court precluded the introduction in evidence at trial of fourteen (14) trial exhibits[2] and corresponding testimony on the parties' discussions that occurred between January 1, 2005 and June 28, 2005.  This Court found that during this period in 2005, the parties were engaged in settlement negotiations.  Accordingly, the evidence was precluded under Federal Rule of Evidence 408, which prohibits the admission of evidence concerning settlement or compromise of a claim.

On June 1, 2010, a jury trial commenced in this case.  On June 8, 2010, the jury entered a verdict on ECEM's claim against Purolite in the amount of $785,725.  The jury also entered a verdict on Purolite's cross-claim against ECEM in the amount of $245,213.  On June 10, 2010, this Court entered judgment on both verdicts. (Doc. Nos. 115, 116.)   As noted above, currently before the Court is ECEM's Post-Trial Motion requesting the Court to (1) vacate judgment in favor of Purolite in the amount of $245,213; (2) vacate the Order precluding at trial the parties' discussions and fourteen (14) exhibits reflecting correspondence between the parties from January to June 2005; and (3) grant a new trial on Purolite's counter-claim.

## III.     LEGAL STANDARD

Fed. R. Civ. P. 59(a) permits the Court to grant a new trial after the completion of a jury trial. The decision to grant or deny a motion for a new trial "is confided almost entirely to the discretion

---

[2] The trial exhibits were marked as P-11, P-12, P-13, P-14, P-16, P-17, P-66, P-69, P-70, P-72, P-73, P-74, P-77, and P-87.

of the district court." Blancha v. Raymark Indus., 972 F.2d 507, 512 (3d Cir. 1992). Such requests, however, are disfavored. United Nat'l. Ins. Co. v. AON, Ltd., No. 04-539, 2009 WL 2245373, at *5 (E.D. Pa. July 24, 2009); Williamson v. Consolidated Rail Corp., 926 F.2d 1344, 1353 (3d Cir. 1991). With respect to evidentiary rulings, "the court's inquiry in evaluating a motion for a new trial on the basis of trial error is twofold. It must first determine whether an error was made in the course of the trial, and then must determine 'whether that error was so prejudicial that refusal to grant a new trial would be inconsistent with substantial justice.'" State Farm Mut. Auto. Ins. Co. v. Linow, No. 05-5368, 2010 WL 2222262, at *2 (E.D. Pa. June 2, 2010) (internal quotation omitted).

Alternatively, ECEM moves to amend or alter the judgment entered by the Court under Fed. R. Civ. P. 59(e) and E.D. Pa. Local Civil Rule 7.1(g) on the grounds that the verdict was excessive. A court should grant a motion for reconsideration sparingly "because courts have a strong interest in the finality of judgments." Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (internal quotation omitted); Pa. Ins. Guar. Ass'n v. Trabosh, 812 F. Supp. 522, 524 (E.D. Pa. 1992). A motion for reconsideration will be granted only if the moving party can demonstrate one of the following: (1) there has been an intervening change in controlling law or fact; (2) new evidence has become available; or (3) there is a need to prevent manifest injustice or correct a clear error of law or fact. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration.

Furthermore, it is improper "to ask the Court to rethink what it had already thought through-rightly or wrongly." Baker v. Astrue, No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008) (citing Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)

(internal quotations omitted)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Dee v. Borough of Dunmore, No. 05-1342, 2010 WL 2490677, at *1 (M.D. Pa. June 16, 2010) (quoting Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)). Moreover, "[a] motion for reconsideration is not properly grounded on a request that a court consider repetitive arguments that have been fully examined by the court." Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc., 246 F. Supp. 2d 394, 398 (E.D. Pa. 2002).

## IV.   DISCUSSION

In its Post-Trial Motion, ECEM includes a Statement of Questions Involved, which provides as follows:

> "1.    Whether a new trial on the issue of defendant's counterclaim is necessary because the trial court erred in granting plaintiff's motion in limine to preclude fourteen (14) trial exhibits and certain testimony of the parties' business discussions that occurred between January 1, 2005 and June 28, 2005, prior to the initiation of this lawsuit?
>
> *Suggested Answer: Yes*
>
> 2.    Whether a new trial on the issue of defendant's counterclaim is necessary because the trial court committed error by refusing to allow the jury to consider fourteen (14) trial exhibits and certain testimony of the parties' business discussions that occurred between January 1, 2005 and June 28, 2005, prior to the initiation of this lawsuit?
>
> *Suggested Answer: Yes*"

(Pl. Motion at 3.)

In essence, ECEM's two questions cover the same subject matter. ECEM argues that a new trial is required in this case on Purolite's counter-claim because the Court erred in precluding

evidence of the parties' communications from January 2005 to June 28, 2005 as evidenced in the

fourteen (14) exhibits noted in footnote 2, *supra*. In the January 29, 2010 Opinion, the Court

explained that this evidence is "inadmissible under Rule 408 because the email correspondence

reflects concessions made by Defendant during settlement negotiations of an ongoing actual dispute

between the parties." (Opinion at 16.) ECEM contends that the Court incorrectly applied Rule 408

because at the time no actual dispute or compromise existed between the parties concerning the

validity or amount of the claim.

The Court has already determined that an actual dispute existed in early 2005 justifying the

application of Rule 408 to preclude the correspondence and related communications between parties.

As the Court previously explained:

> Actual disputes between the parties included, *inter alia*, Defendant's
> failure to pay several invoices, Defendant's contention regarding
> improper invoicing by Plaintiff, Plaintiff's failure to provide
> Defendant with three (3) rail tank cars of styrene in November 2004,
> Plaintiff's rejection of Defendant's contract proposal in December
> 200[4], and Plaintiff's premature termination of the 2004 Contract.

(Opinion at 14.)[3]  Credible  testimony from Brian Wareham, Purolite's Materials Manager,

confirmed that an actual dispute existed between the parties in and after January 2005. The

exchange of email during this period shows the attempt to resolve the dispute.

---

[3]As explained above, the purpose of a motion for reconsideration is not to reargue matters
already decided or to relitigate points of disagreement with the Court. In the January 29, 2010
Opinion, the Rule 408 issue was fully addressed. ECEM's Post-Trial Motion currently before
the Court raises matters already examined and ruled upon. Specifically, ECEM again relies
heavily on Tsudis v. Chocolate Co. v. FGH Consulting USA, Inc., No. 07-1574, 2008 WL
4272651 (W.D. Pa. 2008). The Court considered this decision in its earlier Opinion and
discussed how Tsudis is distinguishable from the present case. Consequently, the Court has
already disposed of this issue and will not reconsider its ruling.

Moreover, ECEM was not prejudiced at trial by the ruling to preclude the use at trial of the fourteen (14) exhibits and related discussions between the parties. ECEM maintains that without the precluded evidence, "the jury was deprived of the complete picture regarding Purolite's counterclaim." (Pl. Motion at 12.) ECEM argues that it was unable to introduce evidence showing that (1) Purolite never challenged the amount due and owing contained in ECEM's invoices; (2) Purolite did not raise the issue of late delivery of styrene with ECEM until litigation commenced; (3) Purolite did not assert that this late delivery caused a plant shut-down until the parties initiated discovery; and (4) Purolite did not claim a loss arising from the shut-down until it filed an Answer to Plaintiff's Complaint.

Contrary to ECEM's claims, it did elicit at trial testimony on these points. ECEM presented credible testimony from Barend Barense, ECEM's President, and Matthew Rigby, ECEM's Managing Agent, on these matters. In addition, ECEM's counsel emphasized these points in his closing argument to the jury. Consequently, ECEM did not suffer prejudice from the preclusion of the exhibits noted in footnote 2, *supra*, and the related discussions between the parties.

V.    **CONCLUSION**

"[A]bsent a showing of 'substantial' injustice or 'prejudicial' error, a new trial is not warranted and it is the court's duty to respect a plausible jury verdict." Montgomery County v. Microvote Corp., 152 F.Supp.2d 784, 794 (E.D. Pa. 2001). Here, ECEM has failed to show that it suffered substantial injustice or was prejudiced by the Court's ruling. Furthermore, ECEM has failed to show that the Court erred in ruling on the pre-trial motions or at trial. Because the Court finds that it properly applied Rule 408 to preclude settlement negotiations, the Court will deny ECEM's Post-Trial Motion in its entirety. An appropriate Order follows.